Good morning, Your Honors. May it please the Court, my name is Corey Parker, and I represent the appellant, Michael Razavi. And respectfully, I'd like to request two minutes for rebuttal. Your Honors, I'd like to first focus on the issue of standing. Both parties appear to agree and acknowledge that neither the Supreme Court or this Court has addressed whether a We respectfully request that this Court squarely address this issue in the decision. If we look at Chaconne v. Wood, a case that this Court took on, like the appellant, in that habeas petition, it was filed while the defendant was serving their sentence, but before it was addressed, that defendant was released. And this Court definitively stated that a habeas petition challenging the underlying conviction is never moot, simply because subsequent to its filing, the petitioner is released from custody. That was reaffirmed in Cibron v. State of New York, where they said that a habeas challenging conviction is moot only if it is shown that there is no possibility of collateral legal consequences. And this Court reaffirmed that presumption in Hirabashi v. the United States. The Respondent concedes also that there are consequences, in this case specifically, to a domestic violence conviction, but it seems like the jurisprudence is clear that there are collateral consequences to any given conviction, period. If we look at the remedy, and we talk about the redressability here, we look at the remedy in Chaconne v. Wood. The Court remanded back to the District Court for consideration on the merits. There, the Court did find standing. They didn't outwardly address the redressability issue, but they did seem to agree that there was not a remanded. The same goes for Carafas v. Laval, which is another on-point analogous case here, which, similar to the appellant in this case, he filed his petition while he was in custody. He was released before he filed his petition with the Supreme Court, and the Supreme Court did vacate the Circuit Court's denial of rehearing. If we look at 28 U.S.C. 2243, it provides, the Congress provides the federal court broad discretion to dispose of the matter as law and justice requires. This is where the respondent has taken the issue and said, well, technically, a federal court can't vacate the conviction. What they're dealing with is the prisoner's incarceration and their release from custody, but it doesn't necessarily equate to a conviction being vacated. We would disagree, and we think that the case law is clear on that. We would contend that the case law that has come down from this Court and the U.S. Supreme Court has shown that, certainly, the Circuit Court or the District Court can remand back to the State Court, and the State Court can vacate the conviction. So, if the Court is going to in favor of defendants who have filed a petition that was considered while they were in custody and subsequently were out of custody, that the redressability is met because, clearly, there are collateral consequences. The State cited a number of cases, Wilkinson, Skinner, Nettles, Bailey, in the response brief, which I would contend is not analogous. One involved DNA evidence, discipline violations, challenging parole procedures. In Dominguez, the defendant had actually already had their conviction vacated, and they were back in pretrial posture. So, those cases, we would argue, are not analogous to the case at hand and do not show that redressability is not available just because somebody's out of custody at the time. Clearly, there should be a remedy for people, especially if they have a domestic violence conviction, felony conviction. The Court's been very clear that there are collateral consequences involved in that. I would turn, also, next to the issue that the appellant's case here is the rare case where equitable tolling should be applied. I mean, but the magistrate here, adopted by the District Court, specifically noted that your client hadn't identified any specific dates or warranted tolling, that the proof was, in the magistrate's view, you know, really deficient in terms of showing extraordinary circumstances. So, why was the magistrate wrong? Well, Your Honors, I think that the magistrate is correct. You know, we certainly, indeed, the timeline could have been better. My client, you know, is 100 percent disabled. He was a has very severe diabetes. Although, as the magistrate judge also pointed out, at the same time he claimed this disability, he was able to reinstate his health care, reinstate his driver's license, get a car and insurance, finalize his divorce, get documentation regarding his dad's estate. I mean, I'm having a hard time seeing how, even if you're right on the jurisdictional issue, that assists your client here. Your Honor, I think the issue is that my client, from the record, what his declaration attested to is that he's immobile some of the time. You know, there are some circumstances where he can be on his feet and take care of matters. There's times where he can't. In this particular case, we have two issues, and I would equate it to Stillman versus Lamarck in this court, where there was equitable tolling found as a result of the prison misconduct by a prison official and by the attorney's negligence. And in this case, we have my client's contention about a prison raid, which it seems like the magistrate judge and the district court judge did not contend. They seem to accept. Let's look from the timeline there, set that aside. As of July 2016, Mr. Ravazzi has hired a state habeas counsel. So, presumably, he has the papers to file that. And the deadline is December 2016. And I know that his attorney has a series of unfortunate events, flooding, illness, et cetera. But why wasn't he able to, at that point, if his attorney's having problems, get another counsel, do something about it? That is that gap period between July and December of 2016, what happened there and what did Mr. Ravazzi do. And your Honor, I think that the argument here is that it was not only the attorney's negligence, which we recognize is not all that, does not necessarily in that case necessitate equitable tolling. It was also the other factors that were together that, because this is a fact-driven analysis and that the totality of the circumstances that my client was disabled, so maybe it wasn't as easy for him as the average person to find another attorney. The fact that he has diabetes, his file, as we have from an official document in Sacramento Superior Court, showed that they lost his file completely. That is not something that happens often. We would contend that that is an egregious circumstance of a court actually losing his habeas, losing his documents. But, you know, with regard to the prison raid, the magistrate judge said that he didn't explain when it occurred, what specific documents were lost, how long he was without his documents, what steps he took to obtain new documents. I mean, equitable tolling has to be based on an extraordinary circumstance. And it seems to me the magistrate judge reasonably found that the proof just wasn't anywhere near there. And your Honor, we would simply say that, you know, we're holding, I believe that the court would be holding my client to too high of a standard. He was a prisoner. He was in prison. He's going through a very dark time and he's disabled. And to expect him to remember the exact time frame that he lost his documents seems like too high of a burden. And I'll reserve the rest of my time. Thank you. Good morning, Your Honors. May it please the Court, Kevin Quaid for the respondent. Your Honors, before I touch on my colleague on the other side's equitable tolling issue arguments, I want to take some time and really try and flesh out our jurisdictional argument in this case, not only because we think it could be dispositive, but because quite candidly, we think it presents some really difficult issues that we want to encourage this Court to take an opportunity to consider. Now, with that said, I want to go straight to the Kouroufis versus Kouroufis argument. I think Kouroufis is a difficult case for the argument that we now pose. But we think there are some principled distinctions that can be made that show that the Kouroufis opinion and its progeny, and this includes the Chaconne case my colleague cited, should not apply in this particular habeas case. So Kouroufis held that a federal habeas court doesn't lose jurisdiction when, during the pendency of proceedings, the petitioner is released from custody. And it did so by noting a number of adverse collateral consequences that stem from a criminal conviction. And in doing so, the Court specifically focused in on the remedial powers of the federal court. And it particularly highlighted then section 2244B, which spoke not only to release from custody, but other remedy. So I read the case slightly differently than you did. I mean, it seems to me the Court is also focusing on the 2243 language, the Court shall dispose of the matter as law and justice require. So why doesn't that sort of require us to find jurisdiction here? Well, that's correct. And I think it's a good point that the 2243 language maintains in the current federal habeas statute. But I think what's important to know about the law and justice language is that by its very wording, the justice, the discretion that is afforded federal habeas courts to fashion a remedy that is consistent with justice, is constrained by the applicable law. And what we think Kouroufis was addressing was a habeas statute that no longer exists, a habeas statutory scheme that was fundamentally altered in 1996 with the passage of AEDPA. And, of course, this Court is well aware of the various constraints that were added in AEDPA, the statute of limitations, the deference. But specifically, the section that the Kouroufis Court cited, the other remedy language that the Kouroufis Court cited and said, the habeas corpus statute appears to show a congressional intent to allow for other remedies to conviction-related remedies in the absence of custody, to the extent it implied that, that language no longer exists in the current federal habeas statute. It doesn't exist in 2244. It doesn't exist in any of the, in the entire broader statutory scheme. Congress's elimination of the specific premise for the Kouroufis holding, the implied holding about the ability to effectuate a remedy against conviction-related injuries, is no longer in the statute. I mean, I understand your argument, counsel. I think it's tough for a court of appeals to parse the language of the Supreme Court in that way. Of course. And we recognize, you know, that this is a lower court and we're asking for an interpretation of a Supreme Court opinion. We do think that we are not asking for this court to purport to overrule or to rule inconsistently. Yeah, that wouldn't work. Yeah, of course, of course. What we do think is that courts of appeal all the time recognized changed circumstances in the law that render otherwise precedential authority not applicable in a current case. So the fact that in 1996, the specific language that Kouroufis was purporting to cite for its implied holding about conviction-related remedies, the fact that that's no longer here, we think is a principle basis for distinction and for this court to find that Kouroufis is not controlling on the habeas analysis, the jurisdictional analysis that's applicable under the statute as it exists today. And we think that our argument is supported in the other cases that have addressed remedy in 2254 context. And my colleague cited the cases that we cite in our opinion. Indeed, a majority of the Supreme Court has recognized that there is no remedy in federal habeas in cases where the claim does not seek the alleviation of custody, does not go to the duration of confinement. And this court in an en banc setting said that a few years ago in Grounds v. Nettles, where the court specifically found 2254 jurisdiction did not exist for claims that do not go to the core of habeas, the duration of confinement. And the release of Mr. Rezavi in this case from all custody necessarily puts his case in equal footing because there is not a custody-based remedy that this court can afford. Are there cases that allow under the statute that you're talking about expungement, even in the absence of any remaining custodial sentence? Well, we think in large sense, whether it's reversal, whether it's invalidation, expungement. So there are cases that say there is jurisdiction for expungement, but you think those are equally wrong? Well, we think that under the statute and the jurisdiction afforded, that expungement is no different than what the Supreme Court all the way back in the 1960s said in Fay against Noya, which was that federal habeas courts cannot act on the conviction. And indeed, that's what this court in Goveia said earlier this year, that federal habeas goes to custody. To the extent there is any review of the underlying state judgment, it comes in the context of a review of underlying custody. It does not exist for plenary conviction review. Well, you're trying to make some law in this case rather than going to the second point, which is tolling, where you've got a pretty easy go, right? I agree. I think we win on tolling. We agree with Magistrate Judge Clare's determination on both prongs of tolling. I think essentially we're making a jurisdictional argument and we're asking this court to wrestle with it based on its sua sponte duty to consider jurisdiction. With that, I can turn briefly to the tolling issue. And again, we agree with the magistrate judge that the extraordinary circumstances argument by my colleague on the other side just simply was not substantially shown. But apart from extraordinary circumstances, we think that this court can simply reject the claim of equitable tolling as a matter of diligence. We think for every discrete period of time for which tolling is requested, Mr. Rezavi simply did not act with the diligence necessary under the Supreme Court's case law to justify a grant of equitable tolling. We know that after he was released from prison and purports to have missing documents that were claimed essential to his filing, he waited months and indeed, as Judge Bennett noted, did a number of other activities rather than focusing on documents. By the same token, when he did collect documents and hired state habeas counsel, by their very agreement, an exhaustion petition in state court was supposed to be filed by September and yet there is no indicia of communication with the attorney. And importantly, their specific representation agreement contemplated that Mr. Rezavi was still responsible for the filing of a grant of equitable tolling. As Claire stated, he could have and should have filed a protective petition to protect his rights under PACE and then he could have sought a stay, citing the very circumstances that he now claims justify tolling. And if there are no further questions, we're prepared to submit. Thank you, counsel. Thank you. Your Honors, in response, we would contend that the timeline here is not dispositive. If we look at the Espinoza Matthews v. California case, we look at the Stillman case, we won't see a seamless timeline of exact dates of when things happened, especially when someone's in prison. The magistrate judge in this case didn't necessarily dispute or did not dispute my client's credibility as to what happened or the state habeas attorney's credibility as to what seemed to accept those findings at face value. And I think the issue here is, were these extraordinary circumstances based on the circumstances, not based on when they happened, the exact dates. The client gave the best time frames that he could in the condition he was in, but requiring him to give the exact dates and to recall those things while he was a prisoner and dealing with everything a prisoner has to deal with, we believe is too high of a burden and a real uphill battle for him. We would contend that if we were to look at the other cases that are cited in the brief, we arguably have more extraordinary circumstances here, at least in volume or in number, than we do in the other cases, and that we ask this court to please exercise their discretion and allow my client to have the opportunity to have his habeas petition heard on the merits in district court, to have the opportunity to present those forward, because he did act as diligently as he could have. He did hire an attorney, hired a federal habeas attorney. Regarding the Karofas case, we would just again go to the law has not changed on that. It's still good law, and we'd ask the court to uphold that. Thank you, Your Honors. Thank you. The case argued is just submitted. I thank counsel in all cases for their helpful arguments, and we are now adjourned for this session of the court.
judges: Bennett, Lee, Piersol